[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket No. CR93-444116.
M. Donald Cardwell, Esquire Defense Counsel, for Petitioner.
Carl Taylor, Esquire Assistant State's Attorney, for the State.
BY THE DIVISION:
The petitioner was convicted after a jury trial of Sale of Illegal Drugs, C.G.S. § 21a-278(b), Conspiracy to Sell Illegal Drugs, C.G.S. § 53a-48(a), 21a-278(b) and Possession of a Controlled Substance within 1500 feet of a School, C.G.S. §21a-278a(b).
The petitioner was sentenced to eleven years in prison on each of the first two counts and to a sentence of three years consecutive on the third court for a total effective sentence of fourteen years to serve.
The facts are that on August 14, 1993, the State Police Narcotics Task Force received information from the Los Angeles Airport DEA unit that a female may be transporting illegal narcotics through Bradley International Airport. They conveyed the necessary information of the defendant's description and flight information so that she could be apprehended at Bradley International Airport. A narcotic-detecting dog located Mr. Anderson's luggage. The co-defendant, Brenda McCoy, was questioned and cooperated with police in answering all the questions regarding the transportation of the narcotics.
According to Ms. McCoy, she was to contact someone through a beeper number, and this person would pick up the suitcase at her apartment in Hartford. When the transaction was complete, she CT Page 6000 would receive $1500 for completing the trip to Los Angeles. At this point, the State Police contacted the Hartford Police and made arrangements for a controlled delivery to take place at Ms. McCoy's Hartford Apartment.
Ms. McCoy then contacted the offender and told him that the marijuana was with her. A while later Mr. Anderson arrived at the apartment with a second co-defendant, Kelly McDougall, who was driving the car. The defendant entered Ms. McCoy's apartment and the proceeded to exchange the marijuana-laden suitcases. As they descended the stairs, police confronted the defendant. Mr. Anderson dropped the luggage and ran out of the apartment, injuring one of the police officers.
Anderson was later apprehended in the neighborhood of the apartment. During his apprehension, Anderson struck one of the arresting officers causing injury to his right jaw and lip. Anderson received several sutures to the rear of his head and sustained a laceration on his left hand. Mc. McDougall, the other co-defendant, was also apprehended at the same time.
Police seized approximately $1028.00 and 40 pounds of marijuana from the offender.
At the hearing the petitioner urged reduction of the sentence claiming that the amount of marijuana seized was not large in comparison to other cases, that the petitioner was not identified as the leader of this conspiracy, that the sentence was inappropriate and disproportionate when compared with similar cases in other jurisdictions and that the entire sentencing was racist in nature.
The State disagreed with the attorney for the petitioner and pointed out that this case involved drug trafficking, was a conspiracy involving many others and that the penalty should therefore reflect the seriousness of the offense.
The sentencing judge considered the harm that drugs causes in our society and the need for protection from those who would sell it. The judge also sought to deter others from engaging in similar activities. In addition the sentencing judge noted the fact that the petitioner was in the country illegally at the time of the crime. The sentencing judge imposed a sentence which was less than that requested by the State but more than that suggested by the petitioner's attorney. CT Page 6001
It is clear that the sentencing judge had carefully considered the nature of the crime, the background of the petitioner and the valid societal goals that motivated every judge at the moment of judgment. Considered in this light it cannot be said that the sentence imposed is either inappropriate or disproportionate. The sentence is therefore, affirmed.
Iannotti, Klaczak and O'Keefe, J.s, participated in this decision.